Will the clerk please call the first case? 3-24-06-47 The People of the State of Illinois-Appalee v. Robert Gold-Smith-Allen. Okay. Crystal, I'm not getting a picture of any of the council or of anyone. It might be in speaker view instead of gallery view. Okay. So this is at the top. Yeah, let me find this here. Yep, that's what happened. There we go. Now we're all here together. Good morning.  Will the council please call the case? You have already? Mm-hmm. Okay. I have. Okay, good. Now, it helps when I'm in gallery view there. Please, council, begin. Yeah, thank you very much, Your Honor. My name is Stephen Richards, and I represent Robert Gold-Smith, the appellant in this case. As Your Honors are aware, this is an appeal from the denial of Robert Gold-Smith's petition for certificate of innocence after an evidentiary hearing. The first issue I want to address, and maybe at slightly greater length in this case than I might in others, is the standard of review. As Your Honors are aware, there is a split of authority, although I would acknowledge that the vast majority of appellate courts have used the abuse of discretion standard review for certificates of innocence. But I think that that is mistaken. And the most recent Illinois Supreme Court cases tell us why. The standard that the judge must assess is a preponderance of the evidence standard. And in cases involving preponderance of the evidence standards, the Illinois Supreme Court has universally held that, or has held at least in two major instances, orders of protection and orders of detention, that the proper standard of review in those cases is manifest weight of the evidence, with de novo review in some instances where there's no live testimony or the credibility of live witnesses is not at issue. And the best explanation of that is the Morgan case, where it basically said that where a met their standard by preponderance or not, that the proper way to assess that is by manifest weight of the evidence, because after all, that's what you're talking about. You're talking about evidence. Abuse of discretion is typically applied in instances where trial courts balance a wide variety of factors to reach a particular decision. For example, evidentiary issues where you're balancing probative value versus prejudicial effect in a number of different instances. Now, I'm aware that in many times, the appellate court has said something like, we're not deciding the standard of review, because after all, we think it makes no difference what the standard of review was, or say things like, there's not a huge difference between manifest weight of the evidence and abuse of discretion. But I would beg to differ. When I was thinking about this last night, I was reminded of a discussion in constitutional law when I was in law school, where our constitutional law professor was explaining to us the difference between rational basis, strict scrutiny, and a middle level review. And somebody asked the question, well, what does it matter? Wouldn't you achieve the right result, regardless of what the standard review is? And the professor's answer was, let me choose the standard review. And I will win the case, because the standard review is often dispositive, or at least extremely important. I would suggest it's very important in this instance, because this is a case in which there's a lot of evidence, fairly complex evidence from many different sources. And it's not an abuse of discretion standard would, in fact, give the trial court a great deal of leeway in terms of granting or denying petitions. In the case of preponderance of the evidence standard, that should not be so. Now, I think your honors are aware this case has a long and convoluted history. In the trial court, Mr. Goldsmith originally represented himself, not perhaps the wisest decision. He then appealed, and his appeal was granted on a technical grounds dealing with an SOJ. And the appellate court, this court, said that there was proof beyond reasonable doubt for double jeopardy purposes, but made no comment about the weight of the evidence as to whether it was overwhelming or anything else. And as your honors are aware, this is a case in which everything rests upon a recording made by a fellow inmate, Brian McDaniel, who was rewarded for setting Mr. Goldsmith up, and he admitted that. And the recording consisted of the voice of Mr. McDaniel and whispers, a series of repetitive whispers, saying, I want you to kill my wife. Mr. Richards, excuse me, why are we to believe Mr. McDaniel now? You mean in terms of his recantation? Correct. Isn't the recantation of testimony inherently unreliable? Oh, your honor, I would agree. And I would just say that that issue, you don't reach that issue unless you get to the 214-01 petition and the motion to reconsider. Even without McDaniel's recantation, just based upon the evidence at trial and the evidence at the hearing, it's our position that there is proof by a preponderance. I would agree that McDaniel as a witness in general has issues, to put it mildly. I mean, he was rewarded for his testimony. He was a jailhouse inmate. Also, it should be noted at the evidentiary hearing, the state introduced evidence that they had gone to him before the second trial and he said he had no memory or he had problems and he just didn't give any testimony or they didn't question him very much about it or try to refresh his recollection. So I would agree that McDaniel has problems in terms of credibility. On the last issue, I would just say an evidentiary hearing should have been granted because there would be no way to ultimately assess his credibility without having him on the witness stand. But I would agree that in terms of his credibility, obviously we share the court's doubts because, and Mr. Goldsmith's entire conviction rests upon his testimony, nothing else really. It's just his testimony that the whispered voice is Goldsmith's and there's contradiction to that. There's two inmates who are there who say there was no whispering. There's attorneys who say they listened to the voice and said it wasn't Goldsmith's voice. There was another witness who said that McDaniel, and again, this is a comment on McDaniel's credibility, McDaniel told him he was going to set Goldsmith up. So for all of those reasons, with Goldsmith testifying that the whispered voice was not his, and that's all that's really needed, I would say that Goldsmith proved by preponderance that he was innocent. But aren't you asking the appellate court, I mean, the appellate court to make credibility decisions? Your Honor, I would disagree, mildly disagree, in that the judge himself, the circuit court judge didn't make a comment on Goldsmith's credibility. He didn't say one way or another. He just said that overall, he thought he hadn't proved it by preponderance or he had brought about his own conviction, which I think was also very weak because it had to do with a single statement to Centennial. Which also contained contradictory information. But I think under the manifest weight of the evidence standard and the cases I cited, first of all, Your Honor is in just as good a position as the circuit court judge to view a lot of the evidence. In a certificate of innocence case, a lot of the evidence is obviously the original transcript, right? Which you can look at just the same as the circuit court judge. The second thing is testimony of witnesses admitted by stipulation. Again, there's no looking at the witness, looking at the stipulation and seeing the witness hesitate, quaver, have downcast eyes or a bad demeanor. So again, you're in the same position. The only way you're in a different position is with Mr. Goldsmith because he was the only witness who testified. But as I said, the trial court didn't say anything about his demeanor. And the only impeachment of him was this, that he had two felony convictions. But he didn't have those felony convictions when he testified at the original trial. And his testimony was consistent. He wasn't impeached with anything he said at the original trial. So this may be a long way of answering your honor's question, but I hope I've touched on my major arguments with respect to that. I think your honors, for the most part, are in the same position as the circuit court judge and can make a reasoned judgment that his innocence was proved by a preponderance. Okay, so what's our standard of review then, if this is documentary? Except for McDaniels. Except for Goldsmith, actually. Goldsmith, yes. For documentary evidence, the cases I've cited say that it's DeNovo. Now, I will tell you that I did sort of try, the Illinois Supreme Court came close to addressing this issue more directly in the case of People v. Mickey L. Ward, in which I was the attorney and I cited. However, what happened in that case is that after the appellate court reached its decision and the state's petition to leave to appeal was granted, the state kind of conceded that the standard was DeNovo because they had misinterpreted something on a tape. And the court, the Illinois Supreme Court then affirmed three to three, which meant that there was no decision whatsoever. But I think the going back almost to the 19th century, very old cases have said, where documentary evidence is at issue, the standard is DeNovo for the reason that, you know, anybody can read a document. You don't have to, a document has no demeanor or credibility issues. It's a document. So for those reasons, Your Honor, unless there are further questions, we would ask that that the judgment be reversed and the case remanded for entry of a certificate of innocence. I do have another question, if I may. Are we bound by our findings in our prior opinions in this case, Mr. Richards? You mean, are you bound by the finding that he was proved guilty by reasonable, beyond a reasonable doubt in the appellate court decision? I'm talking about the conviction for communicating with a witness. Oh, I would say those convictions stand. He didn't admit to him that he didn't plead to them, but the conviction stand as felonies to impeach him. I would just say that his prior testimony trial when he had no convictions would be admissible to rebut an inference of recent fabrication and preceded these felony convictions. It's a strange situation, admittedly, because he got the felony convictions after he originally testified. But I think given that fact, what? I'm sorry? Thank you very much. And if there are no further questions, and I'm happy to entertain any others. Any other questions from the bench? None. Thank you. You'll have time and reply. Thank you. Counsel, you may reply or respond. Can I please accord? Laura Bailon on behalf of the people. The trial judge properly denied the petition for certificate of innocence. Defendant had the burden of proving his innocence and proving that he did not voluntarily cause or bring about his conviction. And the trial judge found defendant did not prove those elements. That finding should be affirmed because it's not against the manifest weight of the evidence. In the people's brief, the people agreed that the manifest weight of the evidence standard was the standard that applied. And I'm not going to be arguing today that abuse of discretion applied in this case, as this case did hinge on the trial judge's credibility determinations and factual findings. Specifically, the trial judge found that defendant voluntarily communicated with an informant in a way that he adamantly denied in his testimony, which is a clear finding that defendants. Testimony at the certificate of innocence hearing was incredible. And because there are those credibility and factual findings at issue, the manifest weight standard applies. People disagree that de novo review is appropriate in any way. People would know that in the Washington case, which was a case in which the state did not even oppose the petition for certificate of innocence in the trial court. So the state did not present any evidence. In that case, the Illinois Supreme Court was still deciding between, they chose not to decide between abuse of discretion and manifest weight standards. De novo wasn't even on the table for them, despite the evidence in that case being presented only by one party and largely documentary. So de novo standard of review just doesn't apply here where the main issue is whether defendant is credible and defendant asked for an evidentiary hearing, specifically stating that he wanted to testify so that the trial judge could judge his credibility. The evidence wasn't, the trial judge's findings were not against the manifest weight of the evidence. In this case, there were two conflicting versions of events, but the version that the trial judge found credible was that defendant was the whispering voice on the recording asking McDaniel to kill his wife for $5,000. The evidence included more than just McDaniel's testimony. McDaniel's did testify that defendant agreed to give him $5,000 through his uncle who had power of attorney in exchange for killing his wife. The evidence at the hearing did not include McDaniel's recantation as defense council did not subpoena McDaniel to testify at that hearing. There's also the recording itself where the whispering voice asks McDaniel to kill his wife and Victoria testified that it was defendant's voice. She also testified that she truly believed defendant wanted to kill her. He had been following her around in his car, showing up where he was, making sure he was driving away. And then she discovered the day after he beat her in the courthouse, that he had a butcher knife and ski mask in his car. She testified he'd still been harassing her even from the jail. And by the time of the certificate of innocence hearing, he had been convicted of aggravated battery for beating Victoria in the courthouse. An officer testified that he had heard defendant say he wished he would have done more to her. So defendant's convictions at the time of the case. The second one concerned evidence of efforts to influence McDaniel's trial testimony for which he was convicted for communicating with a witness. And this court affirmed that conviction on appeal, finding that the evidence wasn't even closely balanced in that case. The court found it was clear that defendant was offering McDaniel money with the intent to deter his truthful testimony. Let me ask you a question regarding the certificate of innocence statute. What are the parameters of the requirement that the petitioner did not by his own conduct voluntarily causes conviction? Could you address that please? So in this case, the trial judge found that defendant had not met his burden of proof on because I believe the trial judge was referring to two pieces. One, that defendant's on a recorded call saying to Santino, I told the snitch what he wanted to hear so that he would leave me alone, by which the trial judge found he meant that he was the whispering voice on the recording. So by that, he would also be the whispering voice on the recording. So I believe that when the trial judge found he voluntarily brought about his conviction, it was by both admitting to Santino that he was the whispering voice or making that statement, which the trial judge could reasonably believe meant that as well as he was the whispering voice himself. So in this case, the two prong and whether he proved his innocence are tied together because his behavior was both the whispering and admitting that he did the whispering. So I believe this prong would be sometimes designed to encompass a situation where the innocence prong alone, a defendant maybe is innocent, but falsely confessed maybe to protect a spouse or someone else that the voluntarily cause or bring about would do some independent work that it wouldn't in this case, if there was a false confession that was purposeful to protect someone else. But in this case, they're tied together because the conduct that meant he was not innocent was that he was the whispering voice. And the conduct that brought about his conviction was being the whispering voice and also admitting it to Santino. So defendant argued in his brief that he gave other explanations for what he meant by, I told the snitch what he wanted to hear so he would go away. But the trial judge didn't credit his explanations and really didn't have to credit them because defendant couldn't keep his story straight on them. In a later recorded call to Santino, Santino is asking him all about what he meant saying, but you told the snitch something. What did you tell him? And he said, I'm sorry, I'm sorry, I'm sorry. You cut out there. Santino said what? Oh, Santino is in a later call after defendant had been charged with the offense in this case. The defendant is telling Santino on that later call that he's been charged and Santino says, well, you did tell him something. What did you tell him? Because so Santino is even thinking that he knows defendant said he told him something and defendant claims to Santino, I told him, go away, I'm busy. And Santino said, that's all you said. And he, he stopped bothering you from just that. And so even Santino's not buying the go away, I'm busy or leave me alone explanation. And, and then at trial defendant changed what he said he meant. He told Santino, he meant go away, I'm busy. But at trial he testified, oh, I told him he was a nice guy, but as he couldn't keep his story straight as to what he meant by that. And the natural explanation for what he told the snitch that the snitch would want to hear is that he was the whispering voice on the recording. The snitch isn't going to go to the police and say, oh, he told me it was a nice guy. Now can I get a deal on my case? No, that's not what a snitch would want to hear. So the trial judge's finding was not against the manifest way of the evidence as to the credibility of that recording either. So where the trial judge, the trial judge's findings in this case were not against manifest way to the evidence, the denial of the petition for certificate of innocence should be affirmed. There's also the second issue in this case that was the, what referred to as the 2-1401 petition. Well, 2-1401 petition would have been premature because 30 days hadn't elapsed, but the people addressed the issue because it was raised in the motion to reconsider. Defendant argued that the affidavit of McDaniel recanting his trial testimony was newly discovered evidence to support his petition, but the affidavit was not newly discovered evidence. Defendant's counsel was in contact with McDaniel before the certificate of innocence hearing and aware of McDaniel's change in position, but he chose not to subpoena McDaniel to testify that hearing. And where he made that choice, despite knowing McDaniel's change in position before the hearing, he cannot now claim the evidence was newly discovered. Are there any further questions? Any questions from the bench? I'm not sure if you actually answered Justice Davenport's question in the end about the issue of, I mean, you explained the background situation, but the issue of the defendant bringing on his own conviction, the comment to Centino, I thought Justice Davenport was actually more of a legal question. What's the standard? How do we decide that issue? Or how do we judge how the trial judge decided that issue? And you went through the facts, but I never did get the answer ultimately how we're supposed to approach that, in your opinion. As a legal question, I believe the trial judge's factual finding that that was essentially a confession would be reviewed for whether it's against the manifest rate of the evidence. Okay, thank you. Does that answer the question? Sure. Any other questions from the bench? None. Okay, thank you, counsel. Appellant counsel, you may respond or reply. Hello? Okay, unmuted, yes. I'd first like to go to Justice Davenport's question. And I would say that it is unsettled what is meant by voluntarily bringing about one's own conviction. But there's some indications that I think it's a fairly high standard that requires a lot on the part of the defendant in terms of voluntarily bringing it about. And I think there's two indications of that. One is the Washington case. In Washington, the defendant arguably brought about his own conviction when he pled guilty. I mean, that's a huge step in terms of bringing back your own conviction. But he explained it by saying that he had a hung jury, he was tired, the 13-year offer seemed pretty good to him, and therefore he took it. And the Illinois Supreme Court found that he didn't voluntarily bring about his own conviction. Another case, which I'm not excited in my brief, but I'll mention with court permission, is the case of People v. Joel Shoulder, which was my case. I believe it's Macon County, so that would have been the fourth district, where, again, the defendant pled guilty, but he had an explanation for pleading guilty in that he was given minimum time for the top count. He didn't know that the underlying charges were unconstitutional, and it was ineffective assistance of counsel that made him take the plea. So those two cases, I think, establish it's a very high bar to get to voluntarily bring it about. Now, one thing which the counsel didn't mention is, what was the significance of the comments of Centennial in terms of the original decision by Judge Rozak to find him guilty? And if you look at Judge Rozak's finding, it's virtually zero. He almost doesn't mention it at all. There's a sort of one offhand reference, but there are five pages of a detailed discussion of why he thought the whispering thing was credible. So I don't know exactly what the standard is, except to say that the petitioner has to prove by preponderance he didn't bring it about. But I think in this particular case, given not only the fact the judge didn't rely on it, but two, that as counsel mentioned, there was conflicting explanations and evidence as to what he had said to Centennial and what was meant, that he did prove by preponderance that he didn't bring about his own conviction. And unless there are no further questions, I would rest on what I have. Okay. Well, thank you, counsel, both for your arguments in this matter this morning. It will be taken under advisement and a written disposition shall issue.